IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES CARLAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. |
| v. | : | 5:25-CV-53 (CAR) |
| | : | |
| JASON ASHFORD, TRAVIS | : | |
| EMMERT, and "JOHN DOE(S)" | : | |
| UNKNOWN OFFICER(S), | : | |
| | : | |
| Defendants. | : | |

_____

## ORDER DENYING MOTIONS FOR HEARING AND RECONSIDERATION

Before the Court are *pro se* Plaintiff James Carlan's "Notice and Demand for Hearing" [Doc. 8]; and "Motion to Toll or Equitably Estop the Statute of Limitations" and "Motion to Deny Request to Amend and Demand Hearing of Sufficiency of Complaint" [Docs. 9 and 10] which this Court **CONSTRUES** as Motions for Reconsideration. Plaintiff seeks reconsideration of the Court's Order granting his motion to proceed *in forma pauperis* ("IFP"); dismissing with prejudice certain claims the Court found barred by *res judicata*, are frivolous, and fail to state any claim for relief; and directing Plaintiff to file an amended complaint on the remaining claims that failed to state a claim if he wished to this action to proceed. [Doc. 6]. For the reasons discussed below, Plaintiff's Motions for a Hearing and Reconsideration [Docs. 8, 9, and 10] are **DENIED**.

1

On April 29, 2024, Plaintiff filed a Complaint asserting 133 counts against seven Defendants, including Defendant Jason Ashford, a Judge of the State Court of Houston County, Georgia (the same Defendant in this case), asserting they violated a host of federal statutes, "freedoms," and constitutional amendments for alleged actions involving the renewal of his massage therapy business license, student loans, taxes, a speeding ticket, kidnapping, and the eight days Plaintiff alleged he spent in jail ("*Ashford I*").[1] After allowing Plaintiff to recast his complaint because his original was a shotgun pleading and failed to state any claim for relief, the Court dismissed the amended recast complaint for the same reasons.

Plaintiff now has three pending actions, including the one at bar, currently before this Court asserting many of the same claims he asserted in *Ashford I*.[2] In the current action, Plaintiff asserted 27 counts against Defendants Jason Ashford, the same State Court Judge he asserted claims against in *Ashford I*; Travis Emmert, an officer employed by the City of Warner Robins; and John Doe Unknown Officers, again asserting they violated a multitude of federal and state laws. On July 24, 2025, this Court dismissed with prejudice and without leave to amend his claims against Defendant Judge Ashford finding they are barred by *res judicata* and are frivolous because Judge Ashford enjoys

---

[1] *Carlan v. Ashford, et al.*, Case No. 5:24-CV-129-CAR [Doc. 1].

[2] *Carlan v. Evans et al.*, Case No. 5:25-CV-62-CAR; *Carlan v. Warner Robins Police Department et al.*, Case No. 5:25-CV-63-CAR.

absolute judicial immunity, and thus, any amendment would futile.[3] This Court also dismissed with prejudice and without leave to amend Plaintiff's claims for violations of the federal criminal code, Georgia criminal code, and Ninth Amendment of the United States Constitution because they are frivolous and any amendment would be futile. Finally, the Court found Plaintiff's remaining claims against the John Doe Defendants and Defendant Emmert failed to state any claim for relief but allowed Plaintiff twenty-one (21) days to file a recast amended complaint to sufficiently state claims for relief.

Plaintiff now seeks a hearing and moves for the Court to reconsider its rulings.

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon motion, to alter or amend a judgment.[4] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[5] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[6] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to

---

[3] Order [Doc. 6].

[4] Fed. R. Civ. P. 59(e).

[5] M.D. Ga., L.R. 7.6.

[6] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

correct clear error or prevent manifest injustice.[7] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[8] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[9]

Plaintiff fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[10] This Court finds a hearing to be unnecessary.

For the foregoing reasons, the Court **DENIES** Plaintiff's Motions [Docs. 8, 9 and 10].

**SO ORDERED,** this 14th day of August, 2025.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[7] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

[8] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[9] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock,* 993 F.2d 800, 805–06 (11th Cir. 1993).

[10] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).